# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Lee Carrier | ) | Case No. |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| v. | ) | July Demand Requested |
| | ) | |
| Zenith Financial Network, Inc.<br>1489 West Palmetto Road, Suite 360<br>Boca Raton, FL 33486 | ) | |

## COMPLAINT

Now comes Plaintiff, by and through her attorneys, and, for his Complaint alleges as follows:

1. Plaintiff, Lee Carrier, brings this action to secure redress from unlawful collection practices engaged in by Zenith Financial Network, Inc.. Plaintiff alleges violation of the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA") and the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692d, 1692e and 1692f

3. The FDCPA prohibits a debt collector to contact a debtor when the debt collector has knowledge and can readily ascertain that the debtor has legal counsel regarding this matter. 15 U.S.C. Section 1692c

4. The ICAA reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the

public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that the only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall liberally be construed to carry out these objects and purposes......It is further declared to be the public policy of this State to protect consumers against debt collection abuse" 225 ILCS 425/1a.

### JURISDICTION AND VENUE

5. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).
6. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

### PARTIES

7. Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").
8. Plaintiff is a resident of the State of Illinois.
9. Defendant, Zenith Financial Network, Inc. is a Florida corporation with a principal office located at 1489 West Palmetto Road, Suite 360, Boca Raton, Florida 33486.
10. Unless otherwise stated herein, the term "Defendant" shall refer to Zenith Financial Network, Inc..
11. Defendant regularly attempts to collect debts owed or due another.
12. At all relevant times, Defendant owned the Debt or was retained to collect the Debt.
13. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. Section 1692(a)(5)

## **FACTS APPLICABLE TO ALL COUNTS**

14. Plaintiff retained an Attorney for Bankruptcy filing on November 8, 2014.
15. Prior to retaining a Bankruptcy Attorney, Plaintiff was facing collection by Defendant.
16. On November 11, 2014, Plaintiff received a phone call on his cellular phone from Defendant for this Debt.
17. Plaintiff returned the phone call to the Defendant and stated that he retained an Attorney for the filing of Bankruptcy.
18. Rather than end the call and cease collection activities, Defendant continued to ask "where the property was" five more times.
19. Furthermore, Plaintiff gave Defendant all of ther Bankruptcy Attorney's information.
20. In the this conversation, Defendant demanded immediate payment despite, Plaintiff telling Defendant that this debt was Discharged in Bankruptcy and that she had an attorney for this matter.
21. In fact, throughout the conversation, Plaintiff repeatedly told Defendant that he had fully retained an Attorney and continued to direct the representative to Plaintiff's Bankruptcy counsel.
22. Plaintiff even repeated his Bankruptcy Counsel's contact information.
23. This completely failed to stop the harassing phone call.

## **JURY DEMAND**

Plaintiff demands a trial by jury.

## **COUNT 1-FAIR DEBT COLLECTION PRACTICE ACT VIOLATIONS**

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.
25. Defendant violated 15 U.S.C. Section 1692c by contacting the Plaintiff, even though it actually knew that Plaintiff was retained by an Attorney.
26. Defendant violated 15 U.S.C. Section 1692e by collecting on a debt that it had no legal right to collect on.
27. Defendant violated 15 U.S.C. Section 1692f by using unfair and

unconsciounable means to collect this debt.

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:
    (1) Statutory damages;

    (2) Attorney fees, litigation expenses and costs of suit; and

    (3) Such other and further relief as the Court deems proper.

## COUNT II-ILLINOIS COLLECTION AGENCY ACT

28. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.
29. A private right of action exists for violation of the ICAA. Sherman v. Field Clinic, 74 Ill. App. 3d 21, 392 N.E. 2d 154 (1st Dist. 1979).
30. Defendant, in the regular course of business, engages in debt collection and is a "collection agency" as defined by 225 ILCS 425/2.02.
31. The Defendant's conduct violated 225 ILCS 425/9(a)(31) in that Defendants engaged in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public.
32. The Defendant's conduct violated 225 ILCS 425/9.2(a)(2) in that it contacted Plaintiff directly in spite of knowing that Plaintiff was represented by Counsel.
33. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the Illinois Collections Agency Act, including every one of the above-cited provisions.

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:
    (1) Statutory damages;

    (2) Attorney fees, litigation expenses and costs of suit; and

    (3) Such other and further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury.

Respectfully submitted,

/s/ John Carlin
John P. Carlin #6277222
Chang & Carlin, LLP
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@changandcarlin.com
Attorney for Plaintiff